EL PUEBLO, DEMANDANTE Y APELANTE, *v.* COLLADO, ACUSADO
Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Primer Distrito, en causa por falsa representación.

No. 1870.—Resuelto en marzo 10, 1922.

FALSA REPRESENTACIÓN POR MEDIO DE LA ESCRITURA—FALSEDAD—INTENCIÓN.—
La falsedad es un elemento en el delito de falsa representación y la teoría
de que sólo se puede *representar* por medio de la palabra, es inadmisible.
La intención dañada puede manifestarse lo mismo que por la palabra ha-
blada, por la palabra escrita, y por los gestos y actitudes.

Los hechos están expresados en la opinión.

Abogado de la parte apelante: *Sr. José E. Figueras, Fis-*
*cal.*

Abogados del apelado: *Sres. Guerra Mondragón y Sol-*
*devila.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del
tribunal.

Se imputó a Enrique Collado un delito de falsa repre-
sentación cometido como sigue:

"El referido Enrique Collado, con posterioridad al mes de abril
de 1919, y en San Juan, que forma parte del distrito judicial del
mismo nombre, a sabiendas e intencionalmente y valiéndose de falsas
y fraudulentas simulaciones y con la intención criminal de obtener
la posesión y propiedad de la suma de $4,439.34, perteneciente al
American Colonial Bank, una institución bancaria que hace nego-
cios en San Juan, Puerto Rico, y que se hallaba depositada en dicho
banco a nombre de y en la cuenta corriente de Pedro de Elzaburo,
secretario-tesorero del Hospital Municipal de Carolina, y con la in-
tención de engañar y defraudar al dicho American Colonial Bank,
privándole de dicha suma de $4,439.34, falsa y fraudulentamente,
simuló y representó al dicho American Colonial Bank, que unos
cheques expedidos por el dicho Enrique Collado, contra el dicho
American Colonial Bank, bajo la firma de Pedro de Elzaburo, secre-
tario-tesorero del Hospital Municipal de Carolina y por la suma
en total de $4,439.34, eran cheques buenos y legítimos y realmente
expedidos y firmados por el dicho Pedro de Elzaburo, como secre-
tario-tesorero del Hospital Municipal de Carolina, siendo dicha si-

mulación falsa y fraudulenta, pues no era cierto que Pedro de Elzaburo hubiese firmado ni autorizado tales cheques y el acusado Enrique Collado, allí y entonces le constaba que tal simulación era falsa y fraudulenta, habiendo sido hecha por éste con el fin de inducir al American Colonial Bank a entregarle la dicha suma de $4,439.34; y el mencionado American Colonial Bank, creyendo ser cierta dicha falsa simulación y únicamente inducido por ella, allí y entonces se desprendió de la propiedad de dicha suma de dinero y la entregó al acusado Enrique Collado.''

El acusado formuló excepción perentoria alegando que los hechos expuestos en la acusación no eran constitutivos del delito que se le imputaba, ni de delito público alguno. La corte declaró sin lugar la excepción. Fué la causa a juicio. El jurado rindió un veredicto de ''culpable del delito de falsa representación e impostura,'' y la corte señaló el 17 de septiembre de 1921 para dictar sentencia. En dicho día, reproduciendo su excepción, pidió el acusado la nulidad del veredicto, y la corte el 13 de octubre de 1921, declaró con lugar su petición, así:

''La corte, por los fundamentos de su opinión unida al record, declara con lugar la excepción y en su consecuencia, que los hechos imputados no son constitutivos de un delito de falsa representación e impostura, y por tanto anula el veredicto, sobresee la acusación presentada, y notifíquese al fiscal para lo procedente en derecho.''

Contra la resolución que antecede interpuso El Pueblo de Puerto Rico, por medio de su fiscal, el presente recurso de apelación de acuerdo con el artículo 348 del Código de Enjuiciamiento Criminal.

Hemos examinado cuidadosamente los hechos y la ley y a nuestro juicio erró la corte al actuar en la forma en que lo hizo. La acusación imputa la comisión de un delito de falsa representación, irrespectivamente de si puede imputar o no un delito de falsificación. Según el artículo 44 del Código Penal, un acto u omisión penable de distintos modos por distintas disposiciones del código, podrá castigarse con

arreglo a cualquiera de dichas disposiciones, pero en ningún caso bajo más de una, impidiendo la absolución o convicción bajo cualquiera de ellas todo procedimiento judicial por el mismo acto u omisión, bajo cualquiera de las demás.

La falsedad es un elemento en el delito de falsa representación y la teoría de que sólo se puede *representar* por medio de la palabra, es inadmisible. Pueden hacerse representaciones por medio de actitudes y gestos y por escrito. Sin necesidad de hablar una persona puede acudir a un banco y presentar para su cobro un cheque falso. Su aparente actitud de persona honesta y verdadera cuando en el fondo es un defraudador, constituye una falsa representación. Y el cheque falso con apariencias de genuino es en sí misma una falsa representación cometida por medio de la escritura. La intención dañada puede, pues, manifestarse lo mismo que por la palabra hablada, por la palabra escrita, y por los gestos y actitudes.

Francis Wharton, en su tratado sobre Ley Criminal, se expresa así:

"Como la persona que adelanta dinero o bienes bajo un cheque falsificado, se desprende completamente de su propiedad en la cosa transmitida, no es hurto sino falsa representación obtener por este medio dinero o bienes.

"Esa se ha resuelto ser la ley en un caso en que un sirviente, que tenía autoridad para comprar objetos para ser reembolsado a la presentación de tickets expresivos de la relación de la compra, presentó tal ticket y obtuvo el importe en él especificado, cuando en realidad no había sido hecha compra alguna.

"Pudiera suceder, no obstante, que cuando la falsificación es un *felony* y la falsa representación un *misdemeanor,* la última, cuando ambas están unidas, puede fundirse bajo la Ley Común en la primera." 2 Wharton's Criminal Law, 1614.

Véase, además, el caso de *Lyman* v. *State,* decidido por la Corte de Apelaciones de Maryland el 18 de febrero de

1920 y reportado en 9 A. L. R. 401, el de *People* v. *Jordán,* 66 Cal. 10, y el de *State* v. *Kelly,* 202 Pac. 524, apartado 6.

Debe declararse con lugar el recurso, revocarse la resolución apelada y devolverse la causa a la corte de su origen para ulteriores procedimientos no inconsistentes con esta opinión.

*Revocada la resolución apelada y devuelto el*
*caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

RESOLUCIÓN SOBRE RECONSIDERACIÓN, MARZO 23, 1922.

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Pide el acusado apelante la reconsideración de la sentencia de esta corte de 10 de marzo actual, basándose en que se omitió considerar la cuestión relativa a la prueba.

Deliberadamente esta corte dejó de referirse a la evidencia en su opinión porque si bien observó que la corte de distrito en la suya la trataba, estimó que de la propia opinión de la corte de distrito y sobre todo de la resolución apelada resultaba sin lugar a dudas que la única cuestión decidida fué la de derecho planteada por la excepción. La actuación de la corte aparece aún más clara cuando se considera que aplicó su opinión como fundamento para las resoluciones dictadas en otras dos causas seguidas contra el mismo acusado por el mismo delito y en las cuales no se había celebrado el juicio.

Por la sentencia de esta corte se revocó la apelada y se devolvió la causa para ulteriores procedimientos, de suerte que el acusado tiene todas las oportunidades que en derecho procedan para pedir a la corte de distrito que resuelva las cuestiones que pudieran haber quedado pendientes o que puedan ahora suscitarse.

No ha lugar, por tanto, a la reconsideración solicitada.

*Denegada la reconsideración.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.